# HENRY L. HUGHES CO., Inc., v. RAWSON.

## No. 9685.

Circuit Court of Appeals, Eighth Circuit.
Feb. 16, 1934.

Bruce S. Elliott, of St. Louis, Mo. (John J. Darby and Cushman, Darby & Cushman, all of Washington, D. C., on the brief), for appellant.

Harry A. Beimes, of St. Louis, Mo., for appellee.

Before STONE, SANBORN, and VAN VALKENBURGH, Circuit Judges.

STONE, Circuit Judge.

This is a suit for infringement of claims 7 to 11, inclusive, of reissued patent No. 16,-869 to Ralph H. Goldman (assignor to Henry L. Hughes Company) covering a manicuring instrument. The trial court held itself precluded from determining the validity of the claims involved because the answer did not give notice by citing the prior art nor was notice given thirty days prior to trial (35 USCA § 69). As to infringement, the court held the patent limited "to a brush having its bristles cut or trimmed to a particular shape for a special purpose" and, thus construed, there was no infringement. From a decree dismissing the bill on the merits, complainant brings this appeal.

The patented device is a body of bristles attached to one end of a "shaft" or stick for use in manicuring nails. The shaft is a small stick of orange wood or other material with one end shaped to a rounded edge which is used "for pushing back the cuticle around the nails and for removing extraneous matter from beneath the nails and the crevices between the sides of the nails and the cuticle." This shaft and "pusher" end were old in the art. Goldman sought to improve this device by adding at the other end a bunch of bristles "to push back the cuticle in somewhat the manner as, but with less danger of injury to the nail and cuticle than a pusher made of orange wood or other solid or rigid material." His description of this feature is "a compact body of stubby bristles terminating in wedge form * * * and preferably of a size and form adapted to enter between the top of the nails and the neighboring cuticle on the fingers." The bunch of bristles was to be in a binder or ferrule with screw threaded socket or other readily detachable means for securing it to the shaft. The bunch of bristles is, to be trimmed to the suitable "wedge shape." The entire description in the specifications, the drawings, and all of the claims in the patent (those here involved and those not involved) accentuate the conception of a bunch of bristles which is altered in form between the ferrule and the outer edge. The drawings all show a round ferrule with projecting bristles trimmed to a wedge-shaped edge. Throughout the specifications are the expressions "wedge-form," "wedge-shape form," "wedge-shaped end," and expressions as to "cut ends" and trimming of the projecting bristles. Each of the six claims not involved here employs the description "wedge-form." In the claims involved the expressions are: "Tapered to a horizontal edge" (claim 7), "terminating in a relatively thin compact end" (claim 8), "terminating in a relatively flattened compact end" (claim 9), "terminating in a relatively flattened compact end * * * said end being relatively thin" (claim 10), "terminating in a relatively flattened compact end · * * * said end being relatively thin" (claim 11). The patent makes no disclosure or claim that the device is or can be secured merely by flattening the entire body of bristles—as by flattening the ferrule—without trimming or shaping the bristles so that they will have a wedge form. sides. The patent is, as the trial court found, While appellant's commercial form is flattened, yet a careful examination of the physical exhibits shows shorter bristles on the outer limited to a bunch of bristles "cut or trimmed to a particular shape."

The accused device is a bunch of bristles quite similar to complainant's commercial form. It is a bunch of bristles of equal length inserted in a ferrule which is flattened. There is no trimming, no wedge shape, and no shaping of the outer edge except such as results solely from flattening the ferrule. It does not read upon the patent claims and is not even within the disclosure of the patent. It may accomplish the same result through the

employment of a bunch of stiff bristles, but it does not do so in the way or through the construction pointed out in the patent.

Appellee presses the invalidity of the involved claims. We need not determine the here disputed matter of whether that issue is open on this appeal nor, if open, whether the patent is valid, since we think there is no infringement.

The decree is affirmed.